IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOHN SULLIVAN,                        )
                                      )
          Plaintiff,                  )    TC-MD 120856N
                                      )
     v.                               )
                                      )
MULTNOMAH COUNTY ASSESSOR,            )
                                      )
          Defendant.                  )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss Claims Relating to the

2010/11, 2011/12, & 2012-13 Tax Year(s) filed January 22, 2013 (Motion).

Plaintiff filed his Complaint on December 24, 2012, challenging the assessed value of

property identified as Account R213229 (subject property) for the 2010-11, 2011-12, and 2012-

13 tax years. (*See* Ptf's Compl at 1.) Plaintiff asserts that Defendant "incorrectly adjusted the

Assessed Value by $32,299 for the 2010 Tax Year * * * based on a window replacement

project." (*Id.* at 2.) A case management conference was held in this matter on February 6, 2013.

Plaintiff appeared on his own behalf. Jeff Brown and Ken Collmer (Collmer) appeared on behalf

of Defendant. During the conference, Plaintiff stated that the subject property is an 18-unit

apartment complex in Southwest Portland. Plaintiff explained that in 2010 he "pulled building

permits for windows" and the permits indicated a "like-for-like change" of the windows.

Plaintiff stated that he was told there would not be any increase in the assessed value as a result

of the window replacement, yet Defendant added exception value for the 2010-11 tax year.

Defendant moves for dismissal of Plaintiff's Complaint because Plaintiff failed to timely

file a petition with the Board of Property Tax Appeals (BOPTA) for any of the tax years at issue.

(Def's Mot at 1.) Defendant disagrees that the court has jurisdiction to consider Plaintiff's

appeal under ORS 305.288(3)[1] because Plaintiff failed to "allege facts showing good and sufficient cause for failure to pursue the statutory right of appeal." (*Id.*)

In response to Defendant's Motion, Plaintiff provided the following explanation:

"Plaintiff arranged for [] Collmer to visit the subject property on September 25, 2012, and September 28, 2012, for the purpose of inspecting the apartment windows. Subsequent to the property inspections, Plaintiff corresponded with [] Collmer on several occasions in October 2012. Plaintiff provided detailed information on the window project including the cost summary, invoices, contract agreement, specifications, building permit, and project timing. The inspection and written information supported Plaintiff's case that the 2009 window repair was 'like-for-like' and an exception value was unwarranted. * * * Defendant refused to correct the miscalculation.

"Plaintiff received guidance and information from [] Collmer related to the procedures and jurisdiction of [BOPTA]. As a result of this direction, Plaintiff did not pursue this matter with [BOPTA * * * since the origin of the misinterpretation by an agent of [] Defendant was made in 2009."

(Ptf's Resp Def's Mot at 1-2.) Defendant replied that: "Collmer had never had any contact with [] Plaintiff until September of 2012 and, at that time, had informed [Plaintiff] that [BOPTA] has no jurisdiction over a 2010 exception event if the petition is filed in any year other than the one that the event took place." (Def's Ltr, Mar 1, 2013.)

Oregon has a structured appeals system for taxpayers to follow when challenging the value of their property. For most appeals, the first step is to file a petition with BOPTA. ORS 309.026(2) (authorizing BOPTA to hear petitions for reductions in assessed value, real market value, and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate division if a taxpayer may appeal to BOPTA). Taxpayers are required to file appeals with the appropriate county BOPTA

/ / /

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

by December 31 of the tax year appealed. ORS 309.100(2). After BOPTA issues an order, a taxpayer has 30 days to appeal to this court under ORS 305.280(4).

In limited circumstances, this court will consider an appeal of real market value and maximum assessed value even if the taxpayer failed to file a petition with BOPTA or failed to timely appeal a BOPTA order to this court. ORS 305.288(3)[2] provides:

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

ORS 305.288(5)(b) provides the applicable definition of "good and sufficient cause":

> "(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

There is no evidence that Plaintiff filed a petition with BOPTA for the subject property for any of the tax years appealed. Thus, the court must determine whether Plaintiff has demonstrated "good and sufficient cause" for his failure to "pursue the statutory right of appeal."

In his Complaint, Plaintiff stated that his challenge is to the assessed values of the subject property for the 2010-11 through 2012-13 tax years. Based on the parties' written submissions to this court and the case management conference on February 6, 2013, it appears that Plaintiff's primary challenge is to the 2010-11 exception real market value of the subject property, which

---

[2] ORS 305.288(1) authorizes the court to order a change to the assessment and tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if the court finds that the difference between the real market value of the property and the real market value on the assessment and tax roll "is equal to or greater than 20 percent." However, ORS 305.288(1) is inapplicable here because the subject property is an 18-unit apartment complex; ORS 305.288(1) applies to "multifamily dwelling[s] of not more than four units[.]"

resulted in an increase in the 2010-11 maximum assessed value in excess of the statutory three percent annual increase. *Cf.* ORS 308.146(1), (3). The time for Plaintiff to challenge the 2010-11 exception real market value of the subject property was in 2010. Property tax statements are mailed in October of each year. ORS 311.250(1). Plaintiff has not alleged that his 2010 property tax statement was not mailed in October of 2010 or that he did not receive it. Plaintiff had until December 31, 2010, to file a petition with BOPTA challenging the 2010-11 exception real market value of the subject property. Defendant is correct that as of the 2012-13 tax year BOPTA could not order a change to the 2010-11 exception real market value of the subject property.

Plaintiff's response to Defendant's Motion describes events and conversations with Collmer in late 2012. Plaintiff's explanation for his failure to file a petition for the 2012-13 tax year does not meet the definition of "good and sufficient cause" under ORS 305.288(5). Plaintiff stated in his response that Collmer, an "authorized tax official," provided him with misleading information. However, the information that Collmer provided to Plaintiff was a correct statement of BOPTA's jurisdiction and was not misleading. Plaintiff has provided no explanation for his failure to timely file a petition with BOPTA for the 2010-11 or 2011-12 tax years. Plaintiff has not established "good and sufficient cause" under ORS 305.288(3) for his failure to "pursue the statutory right of appeal" for any of the tax years at issue. Defendant's Motion must be granted and Plaintiff's Complaint must be dismissed. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that this matter is dismissed.

Dated this ___ day of March 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on March 14, 2013. The court filed and entered this Decision on March 14, 2013.*